**MAD RIVER SECURITIES, Inc., Plaintiff-Appellee, v. FELMAN et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2181.   Decided April 16, 1952.

Coolidge, Becker, Wall & Wood, Dayton, for plaintiff-appellee.

J. W. Sharts, Harold Singer, Dayton, for defendant-appellants.

## OPINION

By THE COURT:

This is an appeal on questions of law and fact from an injunction in favor of plaintiff and against defendants-appellants. By reason of the form of the appeal the issues between the parties must be decided in this Court de novo. Fortunately, there is no substantial conflict in the testimony. The record is presented upon stipulation of the parties together with the transcript of the testimony taken in the Common Pleas Court.

Plaintiff and defendants are the owners of lots and lands abutting a private alley. The plaintiff's parcels, a part of Lot 151 of the City of Dayton, forms the east line of the alley for its length of a little less than 100 feet and the north line of said alley for its width of 9 feet and defendants land, part of Lot 152 of the City of Dayton, with a frontage of 52 feet, adjoins the alley to the west for a distance of about 80 feet.

Plaintiff bases its right of title in the alley upon three agreements to which its predecessors in title and defendants predecessors in title were parties. These three agreements are of date April 13, 1830, March 17, 1846 and October 17, 1874. By the terms of the last mentioned agreement the width of the alley was fixed at 7 feet, the west 5 feet of which was to be provided by defendants predecessors in title and by the predecessors in title of the owners of the parcels to the north of defendants lot. The east 2 feet of the alley was to be provided by plaintiffs predecessors in title.

Plaintiff claims that the defendants operate a parking lot on the land owned by them and

"To facilitate the parking of automobiles on said lot, defendants have painted or caused to be painted yellow lines on the surface of said lot in rectangular patterns, each rectangle enclosing the space within which a car may be parked. That these enclosed spaces extend five feet or more into said private alley, and said defendants regularly park their customers' cars therein."

It is alleged that this use of the private alley is in violation of the agreement establishing said alley, namely:

"That the said alley shall be used only for affording a free passage to the parties from the street to the public alley and not for harboring of horses or cattle or any such thing, and shall not, in any wise, be encumbered by either of the parties, or their heirs or assigns."

"As a result of this use by the defendants, plaintiff is denied the full use and enjoyment of said private alley, and if such use by the defendants is allowed to continue, defendants will acquire rights of ownership in said portion of the said alley, to the great and irreparable damage of the plaintiff."

The prayer of the petition is that the defendants be restrained from using the private alley in the manner described in the petition and from using it other than in the manner and to the extent authorized by the aforesaid agreements. In the Common Pleas Court the injunction was granted as prayed.

Defendants assert several defenses, some of which are, that the agreements of 1830 and 1846 were invalid because improperly executed; that the alley was never established as provided in the agreement of 1830; that the agreement of 1874 vacated the alley in its entire length from Third Street to the public alley as shown on Exhibit E and that the plaintiff was not entitled to the relief sought because it did not come into court with clean hands.

Without discussing at length the first three of defendants claims, we are satisfied to say that they are not of such merit as to preclude the allowance to plaintiff of the relief prayed.

There is infirmity in both of the agreements prior to 1874 but they are without material effect because the agreement of 1874 was complete in itself and incorporated the former agreements, except insofar as they conflicted with the 1874 agreement.

There is also ambiguity in the language employed in the 1874 agreement in defining the extent to which it was purposed to vacate the original alley. However, the agreement of 1874 clearly expresses the intent to vacate a portion only of the alley. Indeed, the agreement would be without any substantial import if it were not given that effect.

We then come to the last defense and, although, we do not predicate our judgment upon the application of the maxim invoked by the defendants, we do act upon a maxim of similar import, namely: he who seeks equity must do equity and other principles recognized by the chancery courts, such as: Where the wrong of one party equals that of the other, the defendant is in the stronger position, and he that hath committed inequity shall not have equity.

The private alley under consideration is by the agreement of 1874 fixed as 7 feet wide. The plaintiff to provide 2 feet thereof, the defendants 5 feet thereof. That part of the alley which abuts the defendants lot is of the full 7 foot width except when cars are parked in the parking lot and extend over and onto the 5 foot portion. It is the practice of the

defendants, if the space is required, to park cars (probably three) lengthwise the full length of defendants lot to the east which cars extend upon but seldom into the full 5 feet of the alley. It appears from the photos that these cars are parked so as to extend into the alley the width of the loading platform which we hereafter discuss.

Plaintiff and predecessors in title have provided an additional 7 feet adjacent to the east 2 feet of the private alley. Thus, where there are no encroachments, the present width of the passage way is 14 feet.

The predecessors in title of defendants, other than appellants, who owned part of Lot 152 abutting on the alley to the west and to the north of defendant's parking lot have erected a loading platform 3 feet high, approximately 3 feet wide, which width extends into the alley, approximately 36 feet along the west line of the alley. At the south end of the loading platform there are steps extending to the surface of the alley. At the north end of the loading platform plaintiff has constructed a connecting platform which it is stipulated is of the dimensions of "approximately 4 feet, 3 inches by 3 feet, 2 inches and approximately 3 feet high" which extends over and into the alley. Thus, there are permanent structures in the west 5 feet of the right-of-way of the alley which narrows it for the length of these platforms to approximately 4 feet. It is probable that both platforms, at times, are used by representatives of the plaintiff. These platforms are an encroachment upon the 5 feet which, by the agreements upon which plaintiff relies, was to be a part of the width of the alley extending from the public alley to the north terminus of the private alley.

In addition to this permanent encroachment placed by plaintiff and their predecessors, it is testified and not denied, and supported by photographs, that trucks, depositing upon and receiving from the loading platforms and automobile of patrons of the business houses along the alley, will regularly and for varying periods of time park in that portion of the alley to the east thereof and adjacent to these loading platforms and extending into the 2 feet, the eastern part of the right-of-way of said alley.

It is obvious that the plaintiff and defendants other than appellants by their encroachment in the alley have made it impossible for it to be used for its full length as a passage way for trucks or even passenger cars and it is only by the use of the extra width which has been provided by plaintiff that it can be made passable at all.

In the situation thus developed, the principles and maxims

of equity which we have heretofore quoted preclude the granting in full of the equitable relief here sought.

Plaintiff's principal witness, Mr. Frank Hill Smith, testified that the present use of defendants parking lot is not objectionable except as parked cars in the southeast corner of defendants lot makes it difficult to back trucks out of the alley, but that plaintiff is fearful that the defendants may build in the 5 feet abutting their lot and thus narrow the alley to an extent that it will cease to be of practical use to plaintiff. However, the injunction sought and granted in the trial court enjoins the defendants from doing that which the plaintiff's witness says is not objectionable to it and which admittedly plaintiff itself is doing.

Both parties have breached, in part, the express terms of the agreement of 1830 upon which plaintiff relies, "That the said alley shall be used only for affording a free passage to the parties * * * to the public alley."

There is merit in the claim of plaintiff that the parking of a car in the alley at the southeast corner of defendants lot interfers with the egress of trucks from plaintiff's property. To the extent that this condition can be obviated the plaintiff should have relief. We will, therefore, grant an injunction only against defendants parking a car or cars within any part of the private alley abutting the east line of defendants lot from the southeast corner of said lot for a distance of 9 feet to the north.

Although it is not essential to this decision, we observe that the use of the 5 feet of the alley by the defendants for building purposes would be entirely different both in character and in duration than the purpose for which it is now occasionally employed. Then, too, this Court recognizes the validity and effectiveness of the agreements to vest in the parties rights of usage of the alley which both parties also have conceded subject only to the contention of defendants that the whole alley was vacated by the agreement of 1874.

Something has been said to the effect that plaintiff might have title, by adverse possession to that part of the alley upon which its lands abut. No such claim is asserted by the plaintiff in this Court. We doubt that it could be maintained for several reasons. Plaintiff claims an easement in the alley by record title.

Its use was permissive and not hostile. Its use was not exclusive.

Judgment as heretofore indicated, costs to be assessed two-thirds against plaintiff and one-third against defendants.

HORNBECK, PJ, MILLER, J, concur.
WISEMAN, J, concurs in judgment.